ALBERT G. HAWES, ET AL., *v.* MATHEW GARRISON'S DEVISEES.

**Infants—Real Estate—Power of Trustee to Sell—Purchaser.**
> A trustee when empowered to do so may sell the real estate of minors, without the intervention of the chancellor.

**Purchaser.**
> The purchaser of the real estate of minors, sold by a trustee, is not required to see to it that the purchase money is properly applied.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 15, 1874.

OPINION BY JUDGE COFER:

It was decided in *Lewis, et al., v. Harris, et al.,* 4 Met. 353, that the rights and powers of trustees with reference to estates held for the separate use of married women, were not affected by Sec. 17, Art. 4, Chap. 33, of the Rev. Stat.; and as before, a trustee might, when so empowered by the writing creating the trust, sell such estate without the intervention of the chancellor, and he may do so now. That case is decisive of the question of the trustee's power to sell the land in contest in this case.

So far as the children of Mrs. Thorckmorton are concerned, the trustee had a clear power to sell, and his deed passed whatever interest they had in the land; and we concur with the chancellor that Sec. 23, Chap. 106, Rev. Stat., relieved the purchaser from all responsibility for the reinvestment of the proceeds of the sale.

The construction contended for by counsel for the appellants would restrict the operation of that section within much narrower limits than seems to be required by the language employed and the mischief intended to be remedied by its adoption. The statute seems never to contemplate that the purchaser shall be bound to look to the application of the purchase money, except he is expressly required to do so by the conveyance or devise by which the trust is created.

Indeed, we incline to the opinion that independent of the statute, the purchaser would not have been bound to look to the application of the purchase money. *Sims v. Lively,* 14 B. Mon. 348.

Conceiving no error to the prejudice of the appellants, the judgment is *affirmed.*

*Lee & Rodman, for appellants.*
*J. S. Pirtle, for appellees.*